**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAM KHOSRU, AKA Ratan Mollah, | No. 13-71026 |
| Petitioner, | Agency No. A072-483-479 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Alam Khosru, a native and citizen of Bangladesh, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Khosru's procedural due process contention because he did not present it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the agency's adverse credibility determination based on Khosru's filing and pursuit of two prior asylum applications that he admitted were fraudulent. *See Shrestha*, 590 F.3d at 1048; *Dhital v. Mukasey*, 532 F.3d 1044, 1050-51 (9th Cir. 2008) (prior fraudulent asylum claim supported adverse credibility finding); *see also Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). The record does not support Khosru's contentions that the agency failed to consider the totality of the circumstances or otherwise improperly analyzed his claims. Khosru's explanations for his prior false statements do not compel the opposite result. *See*

13-71026

*Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Khosru's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Khosru's CAT claim also fails because it is based on the same testimony the agency found not credible, and Khosru does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Bangladesh. *See id.* at 1156-57. We reject Khosru's contentions that the agency did not analyze his claim properly. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency adequately considered the evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**